*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014          518358
_____

In the Matter of SHAUN
    THOMPSON,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE BOARD OF
    PAROLE,
                    Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, Lynch, Devine and Clark, JJ.

                    _____

        Shaun Thompson, Pine City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 20, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

        Petitioner is currently serving an aggregate term of 15 years to life in prison upon his conviction of the crimes of murder in the second degree and attempted murder in the second degree.  In February 2013, he made his second appearance before respondent seeking to be released to parole supervision. Following a hearing, respondent denied his request and ordered him held for an additional 24 months.  Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding.  Following

service of respondent's answer, Supreme Court dismissed the petition and this appeal by petitioner ensued.

We affirm.  As Supreme Court recognized, and contrary to petitioner's argument, respondent considered the relevant statutory factors in denying parole release (see Executive Law §§ 259-c [4]; 259-i [2] [c] [A]).  During the interview, respondent reviewed petitioner's disciplinary record, which has been without incident since 2003, his program accomplishments, including obtaining a GED, community support available through his family, the available sentencing minutes from the attempted murder conviction, and the COMPAS Risk and Needs Assessment instrument.  The Board also considered the fact that petitioner was on parole supervision at the time that he committed the offenses for which he stands incarcerated – each involving the use of a handgun.  Respondent was required to consider petitioner's prior criminal history and the severity of these convictions (see Matter of Williams v New York State Div. of Parole, 114 AD3d 992, 992 [2014]).

Moreover, in light of our recent decision in Matter of Montane v Evans (116 AD3d 197 [2014], lv granted 23 NY3d 903 [2014]), we find no merit to petitioner's claim that respondent failed to comply with recent amendments to Executive Law § 259-c (4) by not establishing written procedures for evaluating parole requests.  Furthermore, we do not find that respondent's imposition of a 24-month hold was excessive under the circumstances presented (see Matter of Shark v New York State Div. of Parole Chair, 110 AD3d 1134, 1135, lv dismissed 23 NY3d 933 [2014]).  Accordingly, given that respondent's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russ v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., Lahtinen, Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court